UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARRYL OLIVER,

    Petitioner,

v.                                    CASE NO.  3:16-mc-20-J-34JBT

UNITED STATES,

    Respondent.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Petition to Quash Summons ("Petition") (Doc. 1) and Petitioner's Response to Order to Show Cause ("Response") (Doc. 3).  For the reasons set forth herein, the undersigned recommends that the Petition be **DENIED** and the case be closed.

**I.  Background**

On April 4, 2016, Petitioner filed his Petition to Quash Summons, apparently seeking to quash summonses issued to third parties by Special Agent ("S.A.") Lisa Lyonais in connection with an Internal Revenue Service criminal investigation

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

regarding Petitioner and Florida Financial Solutions Inc. (Doc. 1.) The Petition also requested that "any information already gained by . . . Lisa Lyonais be inadmissible in any court or before the Internal Revenue Service."[2] (*Id.* at 1.) On July 19, 2016, the Court issued an Order to Show Cause why the Petition should not be dismissed, because Petitioner had not shown that he timely served the IRS Special Agent, S.A. Lyonais, and the persons summoned with a copy of the Petition by certified or registered mail within 20 days after notice of the summonses, and because Petitioner had not filed proof of service showing that he timely served the United States in accordance with Federal Rule of Civil Procedure 4. (Doc. 2.)

The Response states that Petitioner "was in the process of relocating to the Washington, DC area shortly after this Petition was filed." (Doc. 3 at 1.) Petitioner attaches certified mail receipts showing that on August 3, 2016, Petitioner sent mail to S.A. Lyonais, the U.S. Attorney's Office in Jacksonville, Florida, and the Attorney General. (Doc. 3-1.)

The undersigned recommends that Petitioner has failed to show that his Petition should not be dismissed.

**II.    Discussion**

Under 26 U.S.C. § 7609, a taxpayer may move to quash a third-party summons, "if he timely complies with the statutory provisions." *Maggert v. United*

---

[2] Although the Court need not address this issue, it is not clear that such relief is available to Petitioner.

2

*States*, Case No. 5:06-mc-16-Orl-19DAB, 2007 WL 656459, at *2 (M.D. Fla. Feb. 28, 2007). As the undersigned previously noted, "pursuant to 26 U.S.C. § 7609, a taxpayer has 20 days after notice of the summons to 1) file a petition to quash the summons and 2) serve the IRS Special Agent and the person summoned with a copy of the Petition by certified or registered mail. In addition, a taxpayer must serve the United States in accordance with the Federal Rules of Civil Procedure." *Id.* at *3.

### A.  26 U.S.C. § 7609

It appears that Petitioner received notice of at least one of the summonses on March 16, 2016 (*see* Doc. 1 at 5), so service under 26 U.S.C. § 7609(b)(2)(B) was due by April 5, 2016.[3] However, neither the Petition nor the Response indicate that Petitioner sent copies of the Petition to anyone by certified or registered mail by April 5, 2016. The Petition includes only a "CC" with a list of entities including Edward Waters College and Wells Fargo Bank NA Legal Order Processing (the third parties to whom the summonses were directed) and "Treasury Inspector General for Tax Administration." (Doc. 1 at 2.) Notably, the Petition does not specify the method by which any entities received copies of the Petition (if any entities did in fact receive copies). Furthermore, S.A. Lyonais is not listed as someone receiving a copy. As stated above, Petitioner's Response includes an

---

[3] It appears that Petitioner received notice of the summons directed to Ernestine Robinson at Edward Waters College even earlier than March 16, 2016, as Ms. Robinson was required to appear before S.A. Lyonais on March 14, 2016. (*See* Doc. 1 at 11.)

attachment showing certified mail receipts for mail sent on August 3, 2016 (almost four months after the deadline) to S.A. Lyonais.

According to the IRS Regulations pertaining to quashing IRS subpoenas:

> If a person entitled to notice of the summons [in this case, Petitioner[4]] fails to give proper and timely notice to either the summoned person or the IRS in the manner described in this paragraph, that person has failed to institute a proceeding to quash and the district court lacks jurisdiction to hear the proceeding.

26 C.F.R. § 301.7609-4(b)(3). Furthermore, "[f]or the purpose of permitting the IRS to examine the summoned witnesses and records, it is presumed that the notification was not timely mailed if the copy of the petition was not delivered to the summoned person or to the person and office designated to receive the notice on behalf of the IRS within three days after the close of the 20–day period allowed for instituting a proceeding to quash." 26 C.F.R. § 301.7609-4(c).

Thus, Petitioner has failed to show that he complied with 26 U.S.C. § 7609, because he did not timely send his Petition to S.A. Lyonais or the persons summoned by certified or registered mail. "The statute [26 U.S.C. § 7609] . . . operates as a limited waiver of sovereign immunity . . . ." *Maggert*, 2007 WL 656459, at *2. "Strict adherence to the procedure is necessary in order to properly invoke the Court's jurisdiction." *Id.* The undersigned recommends that, because the Court lacks jurisdiction, the Petition should be denied.

---

[4] *See* 26 U.S.C. § 7609(a), (b)(2)(A).

### B.  Federal Rule of Civil Procedure 4(m)

Petitioner also failed to timely serve the United States pursuant to Rule 4(m), which requires service within 90 days after a complaint (or in this case, a petition) is filed.  Petitioner's service under Rule 4 was due on July 5, 2016.  Petitioner attached to his response certified mail receipts showing mail sent to the United States Attorney's Office and the Attorney General on August 3, 2016.  (Doc. 3-1.)  This is almost one month past the deadline, and Petitioner has not requested or shown good cause for extending the deadline for service.

Accordingly, it is respectfully **RECOMMENDED** that:

The Petition (**Doc. 1**) be **DENIED** for lack of jurisdiction and the Clerk of Court be directed to close the case.

**DONE AND ENTERED** at Jacksonville, Florida, on August 17, 2016.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro Se Petitioner

5